# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

DANIEL CHRISTIAN CHASE MILLER,

    Plaintiff,

v.

DR. JEFFERY GUNDERSON;
Sgt. CEDRIC FRAZIER; and
Officer AARON GRAY,

    Defendants.

CIVIL ACTION NO.: CV213-091

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is listed upon the docket of this case as being incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was detained at the Glynn County Detention Center in Brunswick, Georgia. Defendant Gunderson and Defendants Frazier and Gray ("Defendants") filed Motions to Dismiss. Plaintiff did not file a Response to either of these Motions.

Defendants assert that the docket of this case indicates that Plaintiff failed to update his address after he was transferred to another penal institution in February 2014. Defendants also assert that the Court ordered the Clerk of Court to send Plaintiff pleadings which had been served at Plaintiff's former place of incarceration. Defendants contend that the secretary for counsel for Defendants Frazier and Gray contacted

Georgia State Prison staff during the week of July 8, 2014, to obtain dates for the taking of Plaintiff's deposition. Plaintiff's deposition was noticed for July 31, 2014, and the notice was served on July 16, 2014. Defendants assert that Georgia State Prison staff notified counsel's secretary that Plaintiff was transferred on July 10, 2014. Defendants allege that they were unable to depose Plaintiff on July 31, 2014. Defendants assert that Plaintiff failed to update his address on two (2) occasions, and the second occasion rendered Defendants unable to depose Plaintiff prior to the close of discovery on August 8, 2014.

Once Defendants filed their Motions to Dismiss, the undersigned advised Plaintiff that he should file any desired objections to the Motions to Dismiss within twenty-one (21) days of the dates of the Orders; these Orders were signed on August 1 and 7, 2014. Plaintiff was also advised that his failure to respond to Defendants' Motions would indicate that he has no opposition to the Motions to Dismiss. (Doc. Nos. 33, 35; see also, Doc. No. 8). Plaintiff had until August 22 and 28, 2013, to file timely responses. Plaintiff failed to do so. Thus, Defendants' Motions to Dismiss should be **GRANTED** as unopposed.

In addition, it appears that Plaintiff may no longer be housed at Georgia State Prison, but Plaintiff has not informed the Court of any change to his address since November 6, 2013. (Doc. No. 16). The undersigned informed Plaintiff by Order dated September 20, 2013, that he has the responsibility of informing the Court and defense counsel of any change of address during the pendency of his action, and his failure to do so might result in the dismissal of this case. (Doc. No. 8, p. 7). Plaintiff was informed in this same Order that his case could be dismissed for want of prosecution if

he did not "press his case forward[.]" (Id. at p. 8). This Court can dismiss a cause of action for want of prosecution for a party's "[w]illful disobedience or neglect of any order of the Court" or based on a party's "failure to prosecute a civil action with reasonable promptness." L.R. 41.1(b)&(c). Plaintiff has failed to notify the Court or defense counsel of any new address he may have. Defendants' Motions should be **GRANTED** for this reason, too.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motions to Dismiss, (doc. nos. 32, 34), be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**. Defendants Frazier's and Gray's alternative Motion for an Extension of Discovery is **DISMISSED** as moot.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 18th day of September, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)